Loring, J.,
delivered the opinion of the Court:
The petition sets forth that the petitioner is the widow of an officer of the army of the revolution, to whom she was married subsequent to the-lst day of January, 1800; that she has been allowed a pension of four hundred dollars per annum, under the second section of the act of February 3, 1853, which pension was made to commence, by the decision of the Secretary of the Interior, on the 3d of February, 1853; and she insists that it should have been made to commence on the 4th of March, 1S48; and she now claims arrears of her pension, at the rate aforesaid, from the 4th of March, 1848, to the 3d of February, 1853.
The defendants demurred to the petition, and specified for cause—
1. That, by said act of February 3, 1853, the plaintiff is not entitled to a pension commencing prior to the date thereof, and that ño such arrears ever accrued under the said act.
2. That if all the allegations of the petition be true, the claimant has no cause of action.
And the demurrer was joined.
On the first cause of demurrer the issue is, whether the plaintiff was entitled to a pension commencing prior to February 3, 1853.
The words of the 2d section of the act of February 3, 1853, are as follows: “That the widows of all officers, &c., of the revolutions y army who were married subsequent to January, anno Domini e *180 hundred, shall he entitled to a pension in the same manner as those who were married before that date.” — (10 U. S. L., 154.)
This section does not specify the rate of pension, or its duration or commencement; and the petitioner claims that for all of these it refers to. the act of July 29, 1848, (9 U. S. L., 265,) by which the pension would commence on the 4th of March, 1848.
This question arose in the case of Jane Smith. It was then, as now, ably argued; and was maturely considered by our predecessors, and decided by them in an opinion read by Chief Justice Gilchrist. We have seen no reason to dissent from the decision then made, that the second section of the act of 1853 referred to the act of 1848, and adopted its provisions as to the rate, duration, and commencement of the pensions it grants
When so referred, the second section of the act of 1853 makes a like alteration in the act of 1848 to that made by the act of 1838 in the act of 1836.
The act of 1836 (5 U. S. L., 127, § 3) required the marriage to be before the expiration of the last period of the husband’s service.
The act of 1838 (5 U. S. L., 303) allowed the pension where the marriage was after the expiration of such service.
The act of 184S (9 U. S. L., 265) required the marriage to be before the first day of January, 1800.
The act of 1853, sec. 2, (10 U. S. L., 154,) allowed the pension where the marriage was after January, 1800.
Thus the reason of the specification of the date of .January, 1800, in the act of 1853, becomes apparent, if it is referred to the act of 1848; whereas, if the act of 1853 is referred to the other acts, or either of them, such specification of the date of January, 1800, is without apparent reason, for it has no connexion with their terms.
The effect of referring the act of 1853 to the act of 1848 is to except the widows of officers, &c., of the army of the Revolution, married after January, 1800, from the last clause of the act of 1848, which excludes them from its benefits; and this, we think, was the intent of the legislature.
When the act of 1853 is referred to the act of 1848 the former adopts the date of the latter, of “the 1st day of January, 1800,” as more full and specific than that “of January, 1800,” and thus brings the averment of the petition within the.law relied upon.
The principal objection to the petitioner’s claim is that heretofore made, here and elsewhere, viz: that, by the fixed rule of law, a *181 statute takes effect from its passage, and not before, unless it is otherwise provided. Undoubtedly, the rule applies to the act of 1853, and to all the previous pension acts, but it does not touch the question at issue. The rule applies only to the time of the grant, while the question is as. to the subject of the grant. The rule fixes the fact that widows married after January, 1800, became entitled to pensions on the 3d of February, 1853, and not before; and this is.,all the rule is capable of fixing. But this does not touch the question of the rate, the duration, or commencement of the pension; and these make the thing granted.
Mr. J. J. Coombs for the claimant.
Mr. Bingham, United States Solicitor, and Mr. Kerr, Deputy Solicitor, for the government.
The petitioner’s argument admits that the act of 1853 took effect from its passage, and not before; but he claims that the terms of the act, by the words, “in the same manner,” &c., referring to the act of 1848, provide for the rate, duration, and commencement of the pension. This is a question of construction, and when the act went into effect has nothing to do with the construction of its terms.
And the rule is, that an act takes • effect from its passage, unless it is otherwise provided; and the petitioner’s claim is, that it is provided by the terms of the act that the pension shall commence otherwise than from its passage, viz., on the 4th of March, 1848.
We think the question one of construction upon the terms of the act of 1853, taken in connexion with the other acts in pari materia; and we think this case decided by that of Jane Smith, before referred to.
The demurrer is overruled.